UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERIC CRENSHAW,

    Petitioner,

v.

NICK LUDWICK,

    Respondent,
_____/

Civil No. 2:09-CV-13753
HONORABLE NANCY G. EDMUNDS
UNITED STATES DISTRICT JUDGE

**OPINION AND ORDER HOLDING IN ABEYANCE THE PETITION FOR WRIT OF HABEAS CORPUS AND ADMINISTRATIVELY CLOSING THE CASE.**

    Eric Crenshaw, ("Petitioner"), presently confined at the St. Louis Correctional Facility in St. Louis, Michigan, filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he challenges his conviction for possession of 50-450 grams of cocaine, M.C.L.A. 333.7403(2)(a)(iii); maintaining a drug house, M.C.L.A. 333.7405(d); and being a fourth felony habitual offender, M.C.L.A. 769.12. Petitioner has now filed a motion to hold the petition in abeyance to permit him to file a post-conviction motion in the state courts to raise an additional claim that is not included in the current petition. For the reasons stated below, the Court will hold the petition in abeyance and will stay the proceedings under the terms outlined below in the opinion to permit petitioner to return to the state courts to exhaust his additional claim, failing which the petition shall be dismissed without prejudice. The Court will also administratively close the case

1

## I. Background

Petitioner was convicted of the above offenses following a jury trial in the Jackson County Circuit Court. Petitioner's conviction was affirmed on appeal. *People v. Crenwshaw,* No. 274238 (Mich.Ct.App. June 12, 2008); *lv. den.* 482 Mich. 1035, 757 N.W.2d 88 (2008).

On May 11, 2009, petitioner filed a petition for writ of habeas corpus, in which he seeks habeas relief on the two grounds that he raised in the Michigan courts on his direct appeal.

Petitioner has now filed a motion hold the habeas petition in abeyance so that he can return to the Jackson County Circuit Court to present a third claim in a post-conviction motion for relief from judgment. [1]

## II. Discussion

A federal district court has the authority to abate or dismiss a federal habeas action pending resolution of state post-conviction proceedings. *See Brewer v. Johnson,* 139 F. 3d 491, 493 (5th Cir. 1998). However, in order to stay federal proceedings and hold a habeas petition in abeyance pending resolution of state court proceedings, there must be exceptional or unusual circumstances. *See Sitto v. Bock,* 207 F. Supp. 2d 668, 676 (E.D. Mich. 2002). Federal district

---

[1] Petitioner indicates in his motion that respondent has argued that petitioner has not properly exhausted his third claim with the state courts. However, respondent has yet to file any pleading with this Court. Additionally, petitioner's original habeas petition raised only the two claims that he presented to the Michigan Court of Appeals on his direct appeal. It therefore appears that petitioner's third claim would be a new claim that has yet to be raised either before this Court or the state courts.

courts are authorized to stay fully exhausted federal habeas petitions pending the exhaustion of other claims. *See Butler v. Booker*, No. 2009 WL 1010919, * 2 (E.D. Mich. April 14, 2009); *Moritz v. Lafler,* No. 2008 WL 783751 (E.D. Mich. March 19, 2008)(both citing *Anthony v. Cambra*, 236 F. 3d 568, 575 (9th Cir. 2000); *Tran v. Bell,* 145 F. Supp. 2d 939, 941-42 (W.D. Tenn. 2001); *Hill v. Mitchell,* 30 F. Supp. 2d 997, 1000 (S.D. Ohio 1998)).

The Court will grant petitioner's motion to hold the petition in abeyance while he returns to the state courts to exhaust his additional claim or claims.  In this case, the outright dismissal of the petition, albeit without prejudice, might result in preclusion of consideration of the petitioner's claims in this Court due to the expiration of the one year statute of limitations contained in the Antiterrorism and Effective Death Penalty Act (AEDPA). *See* 28 U.S.C. § 2244(d)(1).  A common circumstance calling for abating a habeas petition arises when the original petition was timely filed, as was the case here, but a second, exhausted habeas petition would be time barred by the AEDPA's statute of limitations. *See Hargrove v. Brigano,* 300 F. 3d 717, 720-21 (6th Cir. 2002).  The U.S. Supreme Court, in fact, has suggested that a habeas petitioner who is concerned about the possible effects of his state post-conviction filings on the AEDPA's statute of limitations could file a "protective" petition in federal court and then ask for the petition to be held in abeyance pending the exhaustion of state post-conviction remedies. *See Pace v. DiGuglielmo,* 544 U.S. 408, 416 (2005)(citing *Rhines v.*

3

*Weber,* 544 U.S. 269, 278 (2005)).

However, even where a district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines*, 544 U.S. at 278.  To ensure that there are no delays by petitioner in exhausting his state court remedies, this Court will impose upon petitioner time limits within which he must proceed with his state court post-conviction proceedings. *See Palmer v. Carlton*, 276 F. 3d 777, 781 (6th Cir. 2002).

Petitioner's method of properly exhausting his claim in the state courts would be through filing a motion for relief from judgment with the Jackson County Circuit Court under M.C.R. 6.502.  A trial court is authorized to appoint counsel for petitioner, seek a response from the prosecutor, expand the record, permit oral argument, and hold an evidentiary hearing. M.C.R. 6.505-6.507, 6.508 (B) and (C).  Denial of a motion for relief from judgment is reviewable by the Michigan Court of Appeals and the Michigan Supreme Court upon the filing of an application for leave to appeal. M.C.R. 6.509; M.C.R. 7.203; M.C.R. 7.302. *Nasr v. Stegall,* 978 F. Supp. 714, 717 (E.D. Mich. 1997). . Petitioner, in fact, is required to appeal the denial of his post-conviction motion to the Michigan Court of Appeals and the Michigan Supreme Court in order to properly exhaust the claims that he would raise in his post-conviction motion. *See e.g. Mohn v. Bock,* 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002).

### III.  ORDER

It is **ORDERED** that petitioner may file a motion for relief from judgment with the state court within **sixty (60) days of receipt of this Court's order.** If petitioner fails to file a motion for relief from judgment with the state courts by that date, the Court will dismiss his petition without prejudice.

If petitioner files a motion for relief from judgment, he shall notify this Court that such motion papers have been filed in state court.  The case will then be held in abeyance pending the petitioner's exhaustion of the claims.  Petitioner shall re-file a habeas petition within **sixty (60) days after the conclusion of the state court post-conviction proceedings**.  Petitioner is free at that time to file an amended habeas petition which contains any newly exhausted claims.

To avoid administrative difficulties, the Court **ORDERS** the Clerk of Court to **CLOSE** this case for statistical purposes only.  Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter. *See Sitto,* 207 F. Supp. 2d at 677.

It is further **ORDERED** that upon receipt of a motion to reinstate the habeas petition following exhaustion of state remedies, the Court may order the Clerk to reopen this case for statistical purposes.

s/Nancy G. Edmunds  
Nancy G. Edmunds  
United States District Judge

Dated:  October 19, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 19, 2009, by electronic and/or ordinary mail.

                              s/Carol A. Hemeyer
                              Case Manager

: