**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

ERIC CRENSHAW,

      Petitioner,                         Civil No. 2:09-CV-13753
                                         HONORABLE NANCY G. EDMUNDS
v.                                      UNITED STATES DISTRICT JUDGE

NICK LUDWICK,

      Respondent,
_____/

**OPINION AND ORDER DENYING THE PETITION FOR WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY OR LEAVE TO APPEAL IN FORMA PAUPERIS**

      Eric Crenshaw, ("Petitioner"), presently confined at the St. Louis Correctional Facility in St. Louis, Michigan, filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he challenges his conviction for possession of 50-450 grams of cocaine, M.C.L.A. 333.7403(2)(a)(iii); maintaining a drug house, M.C.L.A. 333.7405(d); and being a fourth felony habitual offender, M.C.L.A. 769.12. For the reasons that follow, the petition for writ of habeas corpus is **DENIED**.

## I. Background

      Petitioner was convicted of the above offenses following a jury trial in the Jackson County Circuit Court. This Court recites verbatim the relevant facts relied upon by the Michigan Court of Appeals, which are presumed correct on habeas review pursuant to 28 U.S.C. § 2254(e)(1). *See Wagner v. Smith,* 581 F.3d 410, 413 (6th Cir. 2009):

                Shortly after 11:00 p.m., police officers conducted a traffic-stop on a vehicle driven by defendant. The police stopped the vehicle on the basis that the registered owner of the vehicle had a restricted license. While being

1

questioned, defendant admitted that he did not have a valid driver's license. Thereafter, both defendant and the passenger of the vehicle were arrested and searched. The vehicle was also searched. Police found a bag of marijuana while searching defendant's passenger and located keys to a motel room in the vehicle on the front seat and on the sun visor. Police contacted the motel, learned that the room was registered to defendant, and obtained a search warrant for the motel room.

The application for search warrant was supported by an affidavit of officer Boulter, an officer with experience and training in investigating drug trafficking crime. In addition to the foregoing facts, Boulter made numerous additional factual allegations in the affidavit, including that the passenger told police that he had gone to the motel with defendant, and had waited in the vehicle while defendant went inside for about ten minutes; that defendant had paid in cash for a seven-day motel stay; that defendant had used the motel multiple times; that defendant was on parole for prior drug crimes; and other allegations giving rise to a reasonable suspicion of drug trafficking. Boulter concluded that defendant might be selling drugs from the motel room.

The magistrate issued the warrant. Police executed it, finding two false-bottom cans containing baggies of cocaine.

Also, inside a safe in the motel room, next to additional cocaine, police seized an electronic scale containing powder residue, over $1,700 in cash, packaging material, and a dry-cleaning receipt bearing defendant's name. Police also seized receipts indicating that defendant had rented the room. In total, the police seized over 200 grams of cocaine.

The trial court denied defendant's pretrial motion to quash the search warrant and suppress the evidence seized. Defendant then exercised his right to a trial by jury. At trial, over defendant's renewed objection, the trial court admitted into evidence the seized drugs and drug trafficking paraphernalia.

*People v. Crenshaw,* No. 274238, * 1-2 (Mich.Ct.App. June 12, 2008).

Petitioner's conviction was affirmed on appeal. *Id;, lv. den.* 482 Mich. 1035, 757 N.W.2d 88 (2008).

Petitioner seeks a writ of habeas corpus on the following grounds:

I.   The search of Mr. Crenshaw's hotel room violated his right against unreasonable search and seizure and the trial court abused its discretion on admitting items found within the hotel room into evidence.

II.   Evidence was insufficient to prove that Mr. Crenshaw possessed the

2

drugs found in the hotel room or that he maintained the room as a drug house.

## II. Standard of Review

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), imposes the following standard of review for habeas cases:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

> (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

The Supreme Court has explained that "[A] federal court's collateral review of a state-court decision must be consistent with the respect due state courts in our federal system." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003). The "AEDPA thus imposes a

3

'highly deferential standard for evaluating state-court rulings,'and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, 130 S.Ct. 1855, 1862 (2010)((quoting *Lindh v. Murphy*, 521 U.S. 320, 333, n. 7 (1997); *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002) (*per curiam*)).  "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 131 S.Ct.770, 786 (2011)(citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).  The Supreme Court has emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* ( citing *Lockyer v. Andrade,* 538 U.S. 63, 75 (2003).  Furthermore, pursuant to § 2254(d), "a habeas court must determine what arguments or theories supported or...could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court.  *Id.*

"[I]f this standard is difficult to meet, that is because it was meant to be." *Harrington,* 131 S. Ct. at 786.  Although 28 U.S.C. § 2254(d), as amended by the AEDPA, does not completely bar federal courts from relitigating claims that have previously been rejected in the state courts, it preserves the authority for a federal court to grant habeas relief only "in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with" the  Supreme Court's precedents. *Id.*  Indeed, "Section 2254(d) reflects the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Id.* (citing *Jackson v. Virginia,* 443 U.S. 307, 332, n. 5 (1979))(Stevens, J.,

4

concurring in judgment)).  Therefore, in order to obtain habeas relief in federal court, a state prisoner is required to show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington,* 131 S. Ct. at 786-87.

### III.  Discussion

### A.  Claim # 1.  The illegal search and seizure claim.

Petitioner first argues that the search of his motel room violated his Fourth Amendment right against unreasonable search and seizures.  Petitioner specifically contends that there was no probable cause for the state court magistrate to issue the search warrant in this case.

A federal habeas review of a petitioner's arrest or search by state police is barred where the state has provided a full and fair opportunity to litigate an illegal arrest or a search and seizure claim. *Stone v. Powell*, 428 U.S. 465, 494-95 (1976); *Machacek v. Hofbauer*, 213 F. 3d 947, 952 (6th Cir. 2000).  For such an opportunity to have existed, the state must have provided, in the abstract, a mechanism by which the petitioner could raise the claim, and presentation of the claim must not have been frustrated by a failure of that mechanism. *Riley v. Gray*, 674 F. 2d 522, 526 (6th Cir. 1982).  The relevant inquiry is whether a habeas petitioner had an opportunity to litigate his claims, not whether he in fact did so or even whether the Fourth Amendment claim was correctly decided. *See Wynne v. Renico,* 279 F. Supp. 2d 866, 892 (E.D. Mich. 2003); *rev'd on other grds* 606 F.3d 867 (6th Cir. 2010).  Indeed, under *Stone*, the correctness of a state court's conclusions regarding a Fourth Amendment claim "is simply irrelevant." *See Brown v. Berghuis,* 638

5

F. Supp, 2d 795, 812 (E.D. Mich. 2009).  "The courts that have considered the matter 'have consistently held that an erroneous determination of a habeas petitioner's Fourth Amendment claim does not overcome the *Stone v. Powell* bar.'"  *Id.* (quoting *Gilmore v. Marks*, 799 F.2d 51, 57 (3ʳᵈ Cir. 1986)).  Thus, an argument by a habeas petitioner that is "directed solely at the correctness of the state court decision[on a Fourth Amendment claim] 'goes not to the fullness and fairness of his opportunity to litigate the claim[s], but to the correctness of the state court resolution, an issue which *Stone v. Powell* makes irrelevant.'"  *Brown,* 638 F. Supp. 2d at 812-13 (quoting *Siripongs v. Calderon*, 35 F. 3d 1308, 1321 (9ᵗʰ Cir. 1994)).

In the present case, petitioner challenged the validity of the search warrant by filing a motion to quash the search warrant, which the trial court denied in a written opinion dated July 3, 2006.  At trial, petitioner's counsel again objected to the admission of the evidence on the ground that the warrant was invalid, but the trial court overruled the objection.  Petitioner again challenged the legality of the search warrant and the subsequent search and seizure on direct appeal, but the Michigan Court of Appeals rejected his Fourth Amendment claim, as did the Michigan Supreme Court when they denied petitioner leave to appeal.

Petitioner is unable to raise a Fourth Amendment claim that the evidence in this case was the product of an illegal search when he raised the factual basis for this claim in the state trial and appellate courts and the state courts thoroughly analyzed the facts and applied the proper constitutional law in rejecting his claim. *Machacek*, 213 F. 3d at 952; *Monroe v. Smith,* 197 F. Supp. 2d 753, 766 (E.D. Mich. 2001).  Because petitioner was afforded opportunities to present his case regarding the validity of the search, *Stone*

6

bars his Fourth Amendment claim. *Brown,* 638 F. Supp. 2d at 813.

**B. Claim # 2.  The sufficiency of evidence claim.**

Petitioner next contends that there was insufficient evidence presented at trial to prove that he possessed the cocaine found in the motel room, so as to support his convictions for possession of 50-450 grams of cocaine and maintaining a drug house.

The Michigan Court of Appeals rejected petitioner's claim:

A rational jury could reasonably infer that defendant had constructive possession of the cocaine.  Whether the possession was exclusive or joint is immaterial.  The motel room and safe were registered in defendant's name, and motel room keys were found in defendant's vehicle.  Defendant had the right to exercise control over the motel room he rented, and therefore over the contraband and paraphernalia contained therein, and there was circumstantial evidence that defendant knew the cocaine was there.  Viewing the evidence in the light most favorable to the prosecution, and acknowledging that the prosecutor is not required to disprove the defendant's theory of innocence, reasonable jurors could have found that defendant constructively possessed the cocaine.

*Crenshaw,* Slip. Op. at * 3 (internal citation omitted).

In reviewing a habeas petitioner's claim that the evidence was insufficient to convict him, a federal court is "bound by two layers of deference to groups who might view facts differently than" the court would. *Brown v. Konteh,* 567 F. 3d 191, 205 (6th Cir. 2009). First, as in all sufficiency of evidence challenges, a court "must determine whether, viewing the trial testimony and exhibits in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).  In doing so, the court does not reweigh the evidence, re-evaluate the credibility of witnesses, or substitute its judgment for that of the jury. *Id.* (citing *United States v. Hilliard*, 11 F.3d 618, 620 (6th Cir.1993)).  Therefore, even if a federal habeas court might have not voted to convict a

7

defendant had it participated in the jury deliberations, it must uphold the jury verdict if any rational trier of fact could have found the defendant guilty after resolving all factual disputes in favor of the prosecution.  Secondly, even if a federal habeas court concludes that a rational trier of fact could not have found a habeas petitioner guilty beyond a reasonable doubt, on habeas review, the court "must still defer to the state appellate court's sufficiency determination as long as it is not unreasonable." *Brown,* 567 F. 3d at 205; *See also Tucker v. Palmer,* 541 F. 3d 652, 666 (6th Cir. 2008).  A habeas court does not substitute its own judgment for that of the finder of fact, *See Crenshaw v. Renico,* 261 F. Supp. 2d 826, 832 (E.D. Mich. 2003), nor does it apply the reasonable doubt standard when determining the sufficiency of evidence on habeas review. *Walker v. Russell*, 57 F. 3d 472, 475 (6th Cir. 1995).

Circumstantial evidence alone is sufficient to support a conviction, and it is not necessary for the evidence at trial to exclude every reasonable hypothesis except that of guilt. *See Johnson v. Coyle,* 200 F. 3d 987, 992 (6th Cir. 2000)(internal quotations omitted). Circumstantial evidence from which a reasonable inference of a habeas petitioner's guilt beyond a reasonable doubt may be drawn is thus constitutionally sufficient to sustain a conviction. *Crenshaw v. Renico,* 261 F. Supp. 2d at 832.

In order to convict a defendant under Michigan law of possession of a controlled substance, a prosecutor must prove that he or she exercised control or had the right to exercise control over the controlled substance. *See McFarland v. Yukins,* 356 F. 3d 688, 708 (6th Cir. 2004)(citing *People v. Konrad,* 449 Mich. 263, 536 N.W.2d 517 (1995))(additional citations omitted).  Under Michigan law, a defendant need not have actual physical possession of a controlled substance in order to be guilty of possessing

8

it. *People v. Wolfe,* 440 Mich. 508, 519-20; 441 N.W. 2d 1201 (1992).  Possession of a controlled substance may be actual or constructive. *Id.*  "Constructive possession exists when the totality of the circumstances indicates a sufficient nexus between the defendant and the contraband." *Id.* at 521.  Constructive possession of a controlled substance can be proven by circumstantial evidence. *See People v. McGhee,* 268 Mich. App. 600, 623; 709 N.W. 2d 595 (2005).

In the present case, there was sufficient evidence for a rational trier of fact to conclude that petitioner contructively possessed the cocaine that was recovered from the motel room.  The motel room and the safe within the room were both registered in petitioner's name and the keys to the motel room were found in petitioner's vehicle.  Two false-bottom cans containing bags of cocaine were discovered within the motel room. Police recovered additional cocaine, an electronic scale containing cocaine powder residue, over $ 1,700.00 in cash, packaging material, and a dry-cleaning receipt in petitioner's name from inside the safe.

From these facts, a rational trier of fact could infer that petitioner had control and dominion over the cocaine recovered from the room so as to support his convictions under a constructive possession theory.  The fact alone that the motel was registered in petitioner's name and that he was residing there would support a finding that he constructively possessed the cocaine found inside of the motel room. *See U.S. v. Caldwell*, 518 F.3d 426, 428, 432 (6th Cir. 2008)(evidence was sufficient to infer that drugs found in paper bag and unzipped CD case in jointly occupied hotel room belonged to defendant or to defendant and his girlfriend); *People v. Acosta,* 153 Mich. App. 504, 512-13; 396 N.W.2d 463 (1986)(evidence supported defendant's conviction of possession with

9

intent to deliver cocaine, where cocaine was found in a motel room registered in defendant's name).

Moreover, evidence that the safe was registered in petitioner's name, coupled with the fact that a dry cleaning receipt with petitioner's name was found inside the safe, would permit a rational trier of fact to infer that petitioner constructively possessed the cocaine and the drug paraphernalia found inside of the safe, so as to support his convictions. *See e.g. U.S. v. Billman*, 257 Fed. Appx. 904, 910 (6th Cir. 2007)(evidence was sufficient to support conviction for being a felon in possession of a firearm on a theory of constructive possession, where there was undisputed evidence that defendant's son owned the shotgun, the gun was stored in a safe in defendant's garage, and defendant was at times in close proximity to his ten-year-old son holding a shotgun); *Cf. U.S. v. Yett,* 85 Fed. Appx. 471, 474 (6th Cir. 2004)(evidence that the defendant had access to and used a safe containing a .25 caliber pistol permitted the inference that the defendant had joint constructive possession of pistol with another person, for purposes of scoring the federal sentencing guidelines); *See also People v. Gist,* 188 Mich.App. 610, 614; 470 N.W.2d 475 (1991)(evidence established that defendant possessed cocaine and marijuana, where police seized from the defendant a matchbook containing the combination to a safe where $ 12,000 in cash, 551 grams of cocaine, 41.74 grams of marijuana and a check made out to defendant were recovered).

Additionally, there was testimony that when the police initially detained petitioner, he denied being at the motel. *See Crenshaw,* Slip. Op. at * 2.  Petitioner's "affirmative attempts to disassociate his name" from the motel room where the cocaine was discovered would support an inference that he was possessed the cocaine inside the

motel room. *See U.S. v. Jackson*, 55 F.3d 1219, 1226 (6ᵗʰ Cir. 1995).

Also significant was the fact that petitioner received 23 telephone calls on his cellular phone during the traffic stop, which the Michigan Court of Appeals, in the context of rejecting petitioner's Fourth Amendment claim, deemed to be a "suspicious numerosity." *Crenshaw,* Slip. Op. at * 3.   A trier of fact was free to conclude, under these circumstances, that petitioner's cellular phone was a "tool[s] of the drug-trafficking trade." *U.S. v. Gonzalez,* 512 F. 3d 285, 294 (6ᵗʰ Cir. 2008).

Finally, the mere fact that petitioner was sharing this motel room with a woman named Rachel Hunt would not prevent the jury from finding that petitioner possessed the cocaine that was discovered inside of the room.   Under Michigan law, the prosecution is only required to prove that petitioner had joint, and not exclusive, possession of the cocaine recovered from the motel room. *McFarland,* 356 F. 3d at 710 (citing *People v. Konrad*, 449 Mich. 263; 536 N.W.2d 517 (1995)).   Although the jury was free to believe that the cocaine and the other paraphernalia belonged to Hunt, they were not required to do so and the jury could instead readily infer from the evidence that petitioner either alone, or in connection with Hunt, possessed the cocaine. *Caldwell,* 518 F. 3d at 432.

In light of the foregoing, the Michigan Court of Appeals' decision that there was sufficient evidence to maintain a conviction against petitioner under a constructive possession theory was objectively reasonable, thus defeating petitioner's claim for habeas relief. *See e.g. Towns v. Jackson,* 287 F. Supp. 2d 749, 758 (E.D. Mich. 2003).

### IV.  Conclusion

The Court will deny the petition for writ of habeas corpus.  The Court will also deny a certificate of appealability to petitioner.  In order to obtain a certificate of appealability,

11

a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

For the reasons stated in this opinion, the Court will deny petitioner a certificate of appealability because he has failed to make a substantial showing of the denial of a federal constitutional right with respect to any of the claims. *Dell v. Straub,* 194 F. Supp. 2d 629, 659 (E.D. Mich. 2002). The Court will also deny petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *Id.*

## V. <u>ORDER</u>

Based upon the foregoing, IT IS ORDERED that the petition for a writ of habeas corpus is **DENIED WITH PREJUDICE.**

IT IS FURTHER ORDERED That a certificate of appealability is **DENIED.**

IT IS FURTHER ORDERED that Petitioner will be **DENIED** leave to appeal *in forma pauperis.*

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated:  March 29, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 29, 2011, by electronic and/or ordinary mail.

s/Carol A. Hemeyer
Case Manager

13